# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| SAI KOPPAKA, | ) | COMPLAINT |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. |
| | ) | |
| JOHN DOE, | ) | |
| | ) | |
| Defendant. | ) | DEMAND FOR JURY TRIAL |

## COMPLAINT

NOW COMES the Plaintiff SAI KOPPAKA ("Koppaka"), by and through his attorneys, Mudd Law Offices, and complains of the Defendant JOHN DOE ("Defendant"), upon personal information as to his own activities, and upon information and belief as to the activities of others and all other matters, and states as follows:

## NATURE OF ACTION

1. This is an action for violation of the Computer Fraud and Abuse Act ("CFAA"), 18 U.S.C. § 1030; Stored Communications Act ("SCA"), 18 U.S.C. §§ 2701, et seq.; and, the Electronic Communications Privacy Act ("ECPA"), 18 U.S.C. §§ 2510.

2. By this action, Koppaka seeks compensatory damages, punitive damages, statutory damages, attorney's fees and costs, and injunctive relief.

## PARTIES

3. SAI KOPPAKA is a citizen of the State of Illinois and a resident of Cook County, Illinois.

4. JOHN DOE is an unknown individual.

**JURISIDCTION AND VENUE**

5. This Court has jurisdiction over the subject matter of Koppaka's federal statutory claims pursuant to 28 U.S.C. § 1331.

6. This Court may exercise personal jurisdiction over the Defendant because he is, upon information and belief, a citizen and resident of Illinois.

7. Venue in this district is proper pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claim occurred in this district. Further, the Defendant directed his conduct toward Koppaka in this district.

8. The Defendant has engaged in intentional conduct with actual malice that has harmed Koppaka.

9. Koppaka has been injured by the Defendant's conduct and has suffered damages resulting therefrom.

**FACTUAL BACKGROUND**

10. This action involves the Defendant's efforts to impersonate Koppaka, obtain access to accounts and electronic communications in Koppaka's name, and, by engaging in such conduct, harass and cause him to suffer harm.

11. Koppaka uses a personal email account through Google ("Koppaka Gmail Account")

**Unsolicited Emails**

12. Beginning on June 28, 2014, Koppaka began receiving unsolicited emails from various third parties ("Unsolicited Emails") at his Gmail Account.

13. A portion of the Unsolicited Emails constituted advertisements that Koppaka did not request or seek.

14. A separate portion of the Unsolicited Emails related to the registration of an account in Koppaka's name with particular third party entities and their respective websites.

15. On June 28, 2014, Koppaka received an unsolicited email from NARAL Pro-Choice America Foundation ("ProChoiceAmerica") regarding his account at ProChoiceAmerica.org.

16. On June 28, 2014, Koppaka received an unsolicited email from GoingByFaith, a personal blog ("GoingByFaith"), regarding his account at GoingByFaith.com.

17. On July 2, 2014, Koppaka received an unsolicited email from RBC Ministries ("RBC") regarding his account at RBC.org.

18. On July 2, 2014, Koppaka received an unsolicited email from HeavensFamily, a non-profit organization ("HeavensFamily"), regarding his account at HeavensFamily.org.

19. On July 5, 2014, Koppaka received an unsolicited email from Productive Muslim, Ltd. ("ProductiveMuslim") regarding his account at ProductiveMuslim.com.

20. On July 5, 2014, Koppaka received an unsolicited email from Redbird Marketing, LLC ("SugarDaddyToday") regarding his account at SugarDaddyToday.com.

21. On July 5, 2014, Koppaka received an unsolicited email from Paris Connections Corporate ("ParisConnections") regarding his account at ParisConnections.com.

22. On July 6, 2014, Koppaka received an unsolicited email from The Worthington Guest House ("TheWorthington") regarding his account at TheWorthington.com.

23. On July 6, 2014, Koppaka received an unsolicited email from PHE, Inc. ("AdamMale") regarding his account at AdamMale.com.

24. On July 8, 2014, Koppaka received an unsolicited email from eHarmony, Inc. ("eHarmony") regarding his account at eHarmony.com.

25. Upon information and belief, the Defendant succeeded in creating one or more accounts in Koppaka's name without Koppaka's authorization.

26. Upon information and belief, the Defendant succeeded in creating one or more accounts using Koppaka's Gmail Account without Koppaka's authorization.

27. The Defendant did not have authorization to create any accounts in Koppaka's name.

28. Upon information and belief, third parties and the Account Websites sent communications intended for Koppaka to the accounts successfully created in Koppaka's name by the Defendant.

29. By creating and obtaining access to one or more accounts created in Koppaka's name, the Defendant obtained access to stored communications intended for Koppaka.

30. By creating and obtaining access to one or more accounts created in Koppaka's name, the Defendant intercepted communications intended for Koppaka.

31. The Defendant did not possess authorization to access or intercept electronic communications intended for Koppaka.

32. The Defendant used Koppaka's Gmail Account without authorization to engage in the foregoing wrongful conduct.

**Intent and Actual Malice**

33. The Defendant acted with intent and actual malice because he intended to harm the Plaintiff.

34. The foregoing wrongful conduct engaged in by the Defendant shall hereinafter be referred to as the "Wrongful Conduct."

## CLAIMS FOR RELIEF

## COUNT ONE

## AS AND FOR A FIRST CAUSE OF ACTION

## VIOLATION OF COMPUTER FRAUD AND ABUSE ACT

## 18 U.S.C. § 1030

35. The Plaintiff Sai Koppaka hereby incorporates by reference Paragraphs 1 through 34 above in this First Court as though fully set forth herein.

36. The Defendant knowingly and intentionally attempted to create accounts using Koppaka's name and Gmail Account at websites operated by third parties including, but not limited to, ProChoiceAmerica, GoingByFaith, RBC, HeavensFamily, ProductiveMuslim, SugarDaddyToday, ParisConnections, TheWorthington, AdamMale, and eHarmony (collectively, "Account Websites").

37. Upon information and belief, the Defendant succeeded in creating an account in Koppaka's name with at least one of the Account Websites.

38. Koppaka did not authorize the Defendant to create any accounts in his name.

39. The Defendant did not have authorization to access accounts registered in Koppaka's name.

40. Koppaka did not authorize the Defendant to use his Gmail Account.

41. The Defendant did not have authorization to use the Gmail Account.

42. The Defendant knowingly, and with an intent to commit fraud, obtained unauthorized access and/or exceeded his authorized access to the servers hosting the Account Websites when he attempted to create and/or succeeded in creating accounts with such websites in Koppaka's name.

43.     The Defendant knowingly, and with an intent to commit fraud, obtained unauthorized access and/or exceeded his authorized access to the servers hosting the Account Websites by creating and using accounts in Koppaka's name.

44.     Upon information and belief, third parties and the Account Websites sent communications intended for Koppaka to the accounts successfully created in Koppaka's name by the Defendant.

45.     By creating and using accounts in Koppaka's name, the Defendant knowingly, and with an intent to commit fraud, obtained unauthorized access and/or exceeded his authorized access to the servers hosting the Account Websites to obtain access to the private communications contained therein.

46.     The computers hosting the Account Websites and the electronic communication services thereon constitute protected computers as they are used in or affect interstate and/or foreign commerce or communication.

47.     The Defendant intended to harm Koppaka personally by engaging in the foregoing conduct.

48.     The Defendant's conduct violates the Computer Fraud and Abuse Act, 18 USC § 1030(a)(4).

49.     The Plaintiff has suffered losses aggregating in more than $5,000 including, but not limited to, the costs of responding to the foregoing violations of Koppaka's rights in the form of attorney's fees.

50.     WHEREFORE, the Plaintiff Sai Koppaka seeks:

    A.     An award of compensatory damages against the Defendant pursuant to 18 U.S.C. § 1030(g)

  B. Injunctive relief in the form of an order:

   i. permanently enjoining the Defendant from accessing the accounts using Koppaka's name;

   ii. permanently enjoining the Defendant from creating any future accounts using Koppaka's name or any email associated with him;

   iii. permanently enjoining the Defendant from accessing any additional accounts belonging to and/or used by Koppaka; and,

  C. Any such other relief to which the Plaintiff may be entitled or as justice may require.

## COUNT TWO

## AS AND FOR A SECOND CAUSE OF ACTION

## VIOLATION OF STORED COMMUNICATIONS ACT

## 18 U.S.C. §§ 2701, et seq.

51. The Plaintiff Sai Koppaka hereby incorporates by reference Paragraphs 1 through 34 above in this Second Count as though fully set forth herein.

52. Upon information and belief, the Defendant succeeded in creating one or more accounts in Koppaka's name at the Account Websites.

53. The allegations in Count Two arise from the allegations in Paragraph 52.

54. Upon creating accounts in Koppaka's name, the Defendant obtained access to such accounts.

55. By obtaining access to the accounts created in Koppaka's name, Koppaka obtained access to electronic communications intended for Koppaka stored in such accounts.

56. The Defendant did not possess authorization to create accounts in Koppaka's name, access such accounts, or access the communications stored in such accounts.

57. Based on the foregoing, the Defendant knowingly and/or intentionally accessed without authorization facilities through which electronic communication services are provided, particularly the facilities hosting the Account Websites, and obtained access to electronic communications intended for Koppaka while the electronic communications were in electronic storage in such facilities.

58. Alternatively, the Defendant knowingly and/or intentionally exceeded his authorized access to facilities through which electronic communication service are provided, particularly the facilities hosting the Account Websites, and obtained access to electronic communications intended for Koppaka while the electronic communications were in electronic storage in such facilities.

59. The Defendant acted willfully and/or intentionally.

60. By engaging in the foregoing conduct, the Defendant violated the SCA, specifically 18 U.S.C. § 2701(a).

61. As a result of the Defendant's conduct and violation of the SCA, Koppaka suffered injuries and damages resulting therefrom that include, but are not limited to, violation of his statutory rights, invasion of his privacy, harassment, and harmed reputation.

62. Also, Koppaka has suffered and continues to suffer irreparable injury for which he has no adequate remedy at law.

63. WHEREFORE, the Plaintiff Sai Koppaka seeks:

   A. An award of statutory damages against the Defendant pursuant to 18 U.S.C. § 2707;

   B. An award of punitive damages against the Defendant in an amount to be determined at trial.

    C.    An award of costs of suit, including attorneys' fees;

    D.    Injunctive relief in the form of an order:

        i.    permanently enjoining the Defendant from accessing stored communications of Koppaka from any account;

        ii.    permanently enjoining the Defendant from accessing and/or attempting to access Koppaka's electronic mail accounts; and,

        iii.    requiring the Defendant to permanently erase all electronic and other copies of Koppaka's stored communications the Defendant obtained unlawfully; and,

    E.    Any such other relief to which the Plaintiff Sai Koppaka may be entitled or as justice may require.

## COUNT THREE
## AS FOR A THIRD CAUSE OF ACTION
## VIOLATION OF THE ELECTRONIC COMMUNICATION PRIVACY ACT
## 18 USC §§ 2510, et seq.

64.    The Plaintiff Sai Koppaka hereby incorporates by reference Paragraphs 1 through 34 above in this Third Count as though fully set forth herein.

65.    Upon information and belief, the Defendant succeeded in creating one or more accounts in Koppaka's name at the Account Websites.

66.    The allegations in Count Three arise from the allegations in Paragraph 65.

67.    Upon creating accounts in Koppaka's name, the Defendant obtained access to such accounts.

68.    By obtaining access to the accounts created in Koppaka's name, the Defendant intercepted electronic communications intended for Koppaka at such accounts.

69. The Defendant intentionally intercepted electronic communications intended for Koppaka.

70. The Defendant intentionally intercepted electronic communications intended for Koppaka each time he received an electronic communication intended for Koppaka.

71. Upon information and belief, the Defendant intentionally intercepted electronic communications intended for Koppaka on many occasions.

72. In doing so, the Defendant intentionally used an electronic device to acquire the contents of electronic communications intended for Koppaka.

73. Upon information and belief, the Defendant intentionally used the intercepted electronic communications intended for Koppaka knowing the electronic communications to have been intercepted.

74. Upon information and belief, the Defendant intentionally used the intercepted electronic communications intended for Koppaka to harm him knowing the electronic communications to have been intercepted.

75. As a direct and proximate result of the foregoing conduct by the Defendant, Koppaka has suffered and continues to suffer damages.

76. Koppaka has suffered and continues to suffer damages including, but not limited to, invasion of his privacy and the costs and expenses of pursuing his remedies.

77. By engaging in the foregoing conduct, the Defendant violated the Electronic Communications Privacy Act ("ECPA"), 18 U.S.C. §2510, et seq.

78. The Defendant violated the ECPA on more than one day.

79. In particular, the Defendant violated the ECPA each day that he intercepted communications intended for Koppaka.

80. WHEREFORE, the Plaintiff Sai Koppaka seeks:

A. An award of the greater of actual or statutory damages provided for pursuant to 18 U.S.C. §2520 (b)(2) and (c)(2);

B. An award of punitive damages pursuant to 18 U.S.C. §2520 (b)(2);

C. An award of his attorney's fees and costs reasonably incurred pursuant to 18 U.S.C. §2520 (b)(3);

D. Injunctive relief in the form of an order:

    i. permanently enjoining the Defendant from intercepting electronic communications intended for Koppaka at any account;

    ii. permanently enjoining the Defendant from accessing and/or attempting to access Koppaka's electronic accounts; and,

    iii. requiring the Defendant to permanently erase all electronic and other copies of Koppaka's communications the Defendant obtained unlawfully; and,

E. Any such other relief to which the Plaintiff Koppaka may be entitled or as justice may require.

## **GENERAL**

81. Where conditions precedent are alleged, the Plaintiff avers that all conditions precedent have been performed or have occurred.

82. The Plaintiff demands a jury trial.

**PRAYER FOR RELIEF**

WHEREFORE, PLAINTIFF SAI KOPPAKA accordingly and respectfully prays for judgment against DEFENDANT as follows:

1. That PLAINTIFF be awarded statutory damages;

2. That PLAINTIFF be awarded compensatory damages in an amount to be determined at trial;

3. That PLAINTIFF be awarded punitive damages in an amount to be determined at trial;

4. That PLAINTIFF be awarded his attorney's fees and costs in this action;

5. That PLAINTIFF be awarded the injunctive relief sought; and

6. That PLAINTIFF be awarded any such other and further relief as this Court may deem just and proper or to which Plaintiff may be entitled as a matter of law and equity.

Dated: Chicago, Illinois  PLAINTIFF,
August 29, 2013  SAI KOPPAKA

s/Charles Lee Mudd Jr.
By: One of His Attorneys
Charles Lee Mudd Jr.
MUDD LAW OFFICES
3114 West Irving Park Road
Suite 1W
Chicago, Illinois 60618
773.588.5410 Telephone
773.588.5440 Facsimile
Illinois ARDC: 6257957
clm@muddlaw.com

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| SAI KOPPAKA, | ) | COMPLAINT |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. |
| | ) | |
| JOHN DOE, | ) | |
| | ) | |
| Defendant. | ) | DEMAND FOR JURY TRIAL |

## JURY DEMAND

PLAINTIFF SAI KOPPAKA demands trial by jury.

                                                                                   s/Charles Lee Mudd Jr.
                                                                                   Charles Lee Mudd Jr.