# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| SAI KOPPAKA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:14-cv-06716 |
| | ) | |
| JOHN DOE, | ) | The Hon. Joan Gottschall |
| | ) | |
| Defendant. | ) | |

## PLAINTIFF'S MOTION
## FOR LEAVE TO CONDUCT LIMITED, EXPEDITED DISCOVERY
## AND
## FOR PRESERVATION OF ELECTRONIC EVIDENCE

NOW COMES the Plaintiff Sai Koppaka ("Plaintiff" or "Koppaka"), by and through his attorneys, Mudd Law Offices, and respectfully submits his Motion for Leave to Conduct Limited, Expedited Discovery and For Preservation of Electronic Evidence ("Motion"). In support of his Motion, the Plaintiff states as follows:

### INTRODUCTION

On August 29, 2014, the Plaintiff filed suit against an individual who has impersonated the Plaintiff by attempting to create numerous online accounts for various websites using the Plaintiff's email address and personal information. Compl. ¶¶ 12-26. The Plaintiff believes the Defendant may have succeeded in creating one or more accounts using the Plaintiff's email address and personal information. By creating the accounts, the Defendant thereby would obtain and likely has obtained access to these accounts and communications intended for the Plaintiff stored therein. Compl. ¶¶27-32. This conduct ("Wrongful Conduct") violates the Computer Fraud and Abuse Act, 18 U.S.C. § 1030 ("CFAA"), the Stored Communications Act §2701 <u>et</u>

seq. ("SCA"), and the Electronic Communications Privacy Act, 18 U.S.C. §2510 et seq ("ECPA").  Id. ¶¶ 35-50, 51-63, 64-80.

Unfortunately, the Plaintiff's pre-suit investigation has failed to discover the true identity of the Defendant.[1]  Declaration of Charles Lee Mudd Jr. ("Mudd Decl.") ¶¶ 3-4.  Given the electronic nature of the Defendant's wrongful conduct, most, if not all, of the evidence that will tend to identify the Defendant resides in electronic form with third parties.  Id. ¶ 5.  Here, the third parties to which the Defendant submitted the Plaintiff's information may possess information that could lead to the identity of the Defendant ("Third Party Sources").  Id.  Additionally, information from the Third Party Sources may give rise to additional sources that may also possess information that could identify the Defendant.  Id.  That being said, this information will not likely be produced absent a subpoena.  Id. ¶ 6.  In fact, at least one Third Party Source has stated that information it possessed would not be produced absent a subpoena.  For this reason, the Plaintiff seeks limited, expedited discovery pursuant to Rule 26(d) of the Federal Rules of Civil Procedure ("Rule 26(d)").

Specifically, the Plaintiff seeks limited, expedited discovery for purposes of issuing subpoenas to third parties seeking information that would identify the Defendant.  Absent the ability to proceed with expedited discovery, the Plaintiff will be unable to determine the Defendant's identity.  Mudd Decl. ¶ 7.  Moreover, without expedited discovery, the very evidence that could identify the Defendant may be destroyed.  Id. ¶¶ 8-12.  As these reasons constitute sufficient bases for allowing the Plaintiff to proceed with limited, expedited discovery, the Court should grant the Plaintiff's Motion.  See infra.

---

[1]  For this reason, the Plaintiff has identified the Defendant as "John Doe."  Compl.

# ARGUMENT

The Plaintiff seeks limited, expedited discovery pursuant to Rule 26(d) to identify the Defendant, serve the Defendant, and proceed with this litigation. For, at the moment, the true identity of the Defendant is unknown. Rule 26(d) states that "a party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)," unless "authorized under these rules or by order or agreement of the parties." Fed. R. Civ. P. 26(d). Under Rule 26(d), three different standards have been discussed in determining when expedited discovery is appropriate. The Plaintiff can meet each of these standards.

### A. Notaro Standard

At least one court in Illinois has suggested[2] the applicability of the standard delineated in Notaro v. Koch, 95 F.R.D. 403, 405 (S.D.N.Y. 1982) ("Notaro Standard") for determining when a plaintiff may proceed with expedited discovery.[3] Merrill Lynch, Pierce, Fenner & Smith v. O'Connor, 194 F.R.D. 618, 624 (N.D. Ill. 2000). The Notaro Standard, used in several jurisdictions,[4] identifies the following elements to consider when granting or denying a motion for expedited discovery: (1) irreparable injury; (2) some probability of success on the merits; (3)

---

[2] It should be noted that Merrill, Lynch did not apply the Notaro factors. And, in fact, it appears that no reported Illinois case has actually applied the Notaro factors for expedited discovery. Given that Notaro was decided in 1982, its applicability should be questioned. Nonetheless, for purposes of thoroughness, the Plaintiff addresses this standard.

[3] In Merrill Lynch, the Court concluded that Notaro would be inappropriate where a plaintiff also brought a motion for preliminary injunction because the elements are nearly identical. Merrill Lynch, Pierce, Fenner & Smith, 194 F.R.D. at 624. However, in *dicta*, the Court also concluded that Notaro would be useful in cases where a motion for expedited discovery *was not* accompanied by a preliminary injunction, such as in the instant case. Id.

[4] Cecere v. County of Nassau, 258 F.Supp.2d 184, 186 (E.D.N.Y.2003); Centrifugal Acquisition Corp. v. Moon, Case No. 09-C-327, 2009 U.S. Dist. LEXIS 56170 (E.D. Wis. May 6, 2009); Irish Lesbian & Gay Org. v. Giuliani, 918 F. Supp. 728 (S.D.N.Y. 1996); U.S. Bank Nat'l Ass'n v. Parker, Case No. 4:09CV1755 HEA, 2010 U.S. Dist. LEXIS 11579 (E.D. Mo. Feb. 10, 2010).

some connection between expedited discovery and avoidance of the irreparable injury; and (4) some evidence that injury that will result without expedited discovery looms greater than the injury that the defendant will suffer if the expedited relief is granted. Notaro v. Koch, 95 F.R.D. 403, 405 (S.D.N.Y. 1982).[5] As applied to the instant litigation, each of these factors weighs in favor of allowing the Plaintiff to proceed with expedited discovery.

Absent expedited discovery, the Plaintiff will suffer irreparable injuries because he will be unable to identify the Defendant and proceed with his litigation. Mudd Decl. ¶ 7. Additionally, absent an ability to identify the Defendant and allow the Plaintiff to pursue his rights, the Defendant might continue to engage in his Wrongful Conduct. Compl. ¶¶ 179-180. This factor weighs in favor of allowing the Plaintiff to proceed with expedited discovery. See Notaro, 95 F.R.D. at 405.

Additionally, the expedited discovery has a direct connection to the avoidance of irreparable injury. By allowing the Plaintiff to proceed with the expedited discovery, the Plaintiff will be allowed to pursue information that will identify the Defendant and enable the Plaintiff to have him properly served. The Defendant will then be able to file an appearance and defend against the claims alleged in the Complaint. Consequently, expedited discovery shall, hopefully, allow and enable the litigation to proceed. Also, it is clear that the injury to the

---

[5] In Lindsey & Osborne Partnership, L.P., Case No: 08-cv-2301-CM-DJW, 2008 U.S. Dist LEXIS 60333, *5 (D. Kansas July 22, 2008), the Court included two additional factors: (1) whether the movant could have avoided such restraints by acting prior to the request; (2) whether the request is narrowly tailored given the time constraints. As for the second factor, the Plaintiff addresses this issue below in its discussion on the "need and fairness" standard and demonstrates the factor can easily be met. See infra. As for the first factor, the Plaintiff filed his motion for expedited discovery soon after filing the Complaint. After learning of the Wrongful Conduct on June 28, 2014, the Plaintiff began an investigation into the Wrongful Conduct. Compl. ¶ 12; Mudd Decl. ¶ 3, 4. The Plaintiff then obtained legal counsel and filed the Complaint on August 29, 2014. Thus, the Plaintiff has filed litigation and sought expedited discovery within a reasonable time of learning about the Wrongful Conduct.

Plaintiff absent expedited discovery will be greater than the injury to the Defendant if expedited discovery is allowed. If expedited discovery is not allowed, the Plaintiff will not have his "day in court" and the litigation will be prematurely terminated because of an inability to identify and serve the Defendant. In essence, by allowing expedited discovery, justice will be served by allowing the Plaintiff to proceed with, and allowing the Defendant the opportunity to defend against the claims alleged in the Complaint. These factors weigh in favor of allowing the Plaintiff to proceed with expedited discovery. See Notaro, 95 F.R.D. at 405.

Finally, the Plaintiff contends that he does have a probability of success on the merits. For purposes of brevity and given the weight of the other factors, the Plaintiff will forego an in-depth analysis of each of his claims in this Motion. However, the Plaintiff has properly pled his claims arising from the violation of federal statutes. See generally Compl. Given the evidence thus far and the allegations in the Complaint, the Plaintiff contends that he does have a probability of success on the merits. This factor weighs in favor of allowing the Plaintiff to proceed with expedited discovery. See Notaro, 95 F.R.D. at 405.

Based on the foregoing, the Plaintiff meets the Notaro Standard, see Notaro, 95 F.R.D. at 405, and the Court should grant his motion seeking leave to proceed with expedited discovery. See id.

### B.     "Need and Fairness" Standard[6]

Some courts in Illinois have adopted what can be described as the "Need and Fairness" Standard.[7] Vance v. Rumsfeld, Case No. 06-c-6964, 2007 U.S. Dist. LEXIS 94061, *16 (N.D.

---

[6] Although some courts appear to have treated the "need and fairness" analysis as a distinct standard, the suggested factors of the reasonableness standard seem to encompass the "need and fairness" standard. See Section C, *infra*. Nonetheless, we include a separate analysis of this standard for purposes of thoroughness.

5

Ill. Dec. 21, 2007)[8] (allowing expedited discovery after weighing the harm potentially caused to the plaintiff against possible prejudice to the defendant and focusing on the "fairness" consideration); Lamar v. Hammel, Case No. 08-02-MJR-CJP, 2008 U.S. Dist. LEXIS 9774, *7-8 (S.D. Ill. Feb. 11, 2008) (citing Vance, 2007 U.S. Dist. LEXIS 94061 at *16) (after remarking that "[t]here is no set test or criteria for deciding whether early discovery is warranted," the Court relied on considerations of need and fairness to determine the appropriateness of expedited discovery).[9]

Here, the considerations of "need" and "fairness" weigh in favor of allowing expedited discovery. Clearly, the Plaintiff needs the expedited discovery to determine the identity of the Defendant given that all other means of readily identifying the Defendant have been exhausted. Mudd Decl. ¶¶ 4-7. Moreover, if a Defendant is not named, Plaintiff cannot pursue his litigation and seek remedies redressing his injuries.

Additionally, allowing limited, expedited discovery for the sole purpose of identifying the Defendant is fair. Indeed, the Plaintiff can show great harm in being unable to identify the Defendant. Specifically, he would be precluded from proceeding with his litigation. Further, he would be required to continue suffering the Defendant's impersonation of him, harassment of him through unsolicited emails, registration of accounts in the Plaintiff's name, and unauthorized

---

[7] Without stating so, Vance v. Rumsfeld incorporates the general idea of element four from the Notaro Standard. See Vance, 2007 U.S. Dist. LEXIS 94061 at *16.

[8] All Lexis-cited authority has been attached hereto as Exhibit B.

[9] In Lamar v. Hammel, the Court denied the motion saying that plaintiff's motion was "overly broad and ambiguous" as well as impractical where the plaintiff sought very general information asking for "names of anyone who came in contact with the plaintiff, attendance sheets, work logs and *any and all other documents* Id. at 8. The Court also noted that the plaintiff provided inconsistent factual accounts of the events that caused commencement of the action. The Court concluded that such requests were not practical or fair to the Government. Id.

access to communications intended for the Plaintiff, all without a means of redress. At the same time, the Defendant can hardly claim prejudice. He impersonated the Plaintiff, caused the Plaintiff to receive unsolicited emails, and, in violation of federal statutes, obtained unauthorized access to accounts in the Plaintiff's name. See generally Compl. More importantly, by allowing expedited discovery, this Court will *not* be deciding substantive issues on the merits of Plaintiff's claims. Rather, the Court will merely be allowing the Plaintiff to pursue efforts to identify the Defendant such that the parties can have the claims addressed on their merits before the Court. This is fair. For these reasons, the Plaintiff can meet the "Need and Fairness" Standard. See Vance, 2007 U.S. Dist. LEXIS 94061, at *16.

C.     **"Reasonableness" Standard**

Still other courts within the Seventh Circuit offer an analysis based on "reasonableness" or "good cause," [10] which appears to be the modern trend. Generally, "the reasonableness standard allows expedited discovery when the need for the expedited discovery outweighs the prejudice to the responding party, based on the 'entirety of the record to date and the

---

[10] Many courts have used the terms "Reasonableness" and "Good Cause" interchangeably when describing this standard. See e.g. Sheridan v. Oak Street Mortgage, 244 F.R.D. 520 at 521 ("The 'good cause' or 'reasonableness' standard has been applied by some district courts [. . .] Thus, having considered the entire record to date and the reasonableness of the request in light of the surrounding circumstances, this Court finds that Sheridan has established "good cause" to engage in limited discovery. . ."); see also Edgenet, Inv. V. Home Depot U.S.A., Inc., 259 F.R.D. 385, 386 (E.D. Wis. 2009) ("Courts are split as to whether a party seeking expedited discovery must satisfy a 'good cause' or 'reasonableness' standard or the more stringent standard set forth in Notaro . . ."); Centrifugal Acquisition Corp. v. Moon, 2009 U.S. Dist. LEXIS 56170 at *2 (E.D. Wis. May 6, 2009) (". . . some cases apply a good cause or reasonableness test."); Suzhou Parsun Power Mach. Co. v. Western Imp. Mfg. Distrib. Group, 2010 U.S. Dist. LEXIS 86071 at *2 (E.D. Wis. July 20, 2010) ("The Court may grant a request for expedited discovery for good cause. [. . .] The Court must evaluate the 'entirety of the record to date and the reasonableness of the request in light of all the surrounding circumstances.'") (internal citations omitted); and Share Corp. v. Momar, Inc., 2010 U.S. Dist. LEXIS 24653 at *5-6 (E.D. Wis. Feb. 26, 2010) (". . . the court's determination on whether expedited discovery is appropriate is guided by a "good cause" or "reasonableness" standard.").

7

reasonableness of the request in light of the surrounding circumstances.'" Edgenet, Inc. v. Home Depot U.S.A., Inc., 259 F.R.D. 385, 386 (E.D. Wis. 2009).

With specific reference to the bases for which the Plaintiff seeks expedited discovery, courts have found good cause for expedited discovery pursuant to Rule 26(d) where the identity of the Defendant would not be available *absent expedited discovery*. Tcyk, LLC v. Doe, No. 13 C 3845, 2013 U.S. Dist. LEXIS 145722, *10-11 (N.D. Ill. Oct. 9, 2013); Thermal Solutions, Inc. v. Imura Int'l U.S.A. Inc., Case No. 08-CV-2220-JWL-DJW, 2008 U.S. Dist. LEXIS 49509, *3-4 (D. Kan. June 26, 2008 ) (allowing expedited discovery to obtain the current address of individual defendant which will allow defendant to be served and litigation to proceed); see also Capitol Records, Inc. v. Doe, Case No. 07-cv-00790, 2007 U.S. Dist. LEXIS 32387, *3 (D. Col. April 30, 2007) (recognizing the Plaintiff will be unable to identify the defendant or proceed with litigation absent the information sought).

Moreover, courts have routinely permitted plaintiffs to initiate limited discovery to identify unknown or "Doe" defendants. Maclin v. Paulson, 627 F.2d 83, 87 (7th Cir. 1980); Ervine v. S.B., Case No. 11-cv-1187, 2011 U.S. Dist. LEXIS 24937, *5-6 (N.D. Ill. Mar. 10, 2011); Kimberlite Corp. v. Does, Case No. C08-2147 THE, 2008 U.S. Dist. LEXIS 43071, *8-9 (N.D. Cal. June 2, 2008); Allcare Dental Mgmt., LLC v. Zrinyi, Case No. CV-08-407-S-BLW, 2008 U.S. Dist. LEXIS 84015, *4 (D. Idaho Oct. 20, 2008); Zomba Recording LLC v. Does 1-24, Case No. 3:07-cv-448 2008 U.S. Dist. LEXIS 1998, *3-4 (E.D. Tenn. Jan. 10, 2008); Warner Bros. Records Inc. v. Does 1-6, 527 F. Supp. 2d 1, 2 (D.D.C. 2007); Arista Records LLC v. Does, Case No. 07-cv-00628-EWN-MEH, 2007 U.S. Dist. LEXIS 25191, *4 (D. Colo. Apr. 4, 2007); Laface Records, LLC v. Does 1-5, Case No. 2:07-cv-187, 2007 U.S. Dist. LEXIS 72225, *8 (W.D. Mich. Sept. 27, 2007); Best Western Int'l v. Doe, Case No. CV-06-1537-PHX-DGC

2006 U.S. Dist. LEXIS 56014, *4 (D. Ariz. July 25, 2006); and, Sony Music Entm't Inc. v. Does 1-40, 326 F. Supp. 2d 556, 566 (S.D.N.Y. 2004).

Additionally, good cause has also been found where physical evidence may be consumed or destroyed with the passage of time. Bicycle Peddler, LLC v. John Doe 1, No. 13-cv-00671-WJM-KLM, 2013 U.S. Dist. LEXIS 36936, *2 (D. Colo. Mar. 18, 2013); Leone v. Towanda Borough, No. 3:12-0429, 2012 U.S. Dist. LEXIS 47594, *5 (M.D. Pa. Apr. 4, 2012); Arista Records LLC, et al. v. Does 1-19, Case No. 2:07-cv-0971 TS, 2008 U.S. Dist. LEXIS 2393, *2-3 (D. Utah January 11, 2008); see also Interscope Records v. Doe, No. 5:07-4107-RDR, 2007 U.S. Dist. LEXIS 73627, *3 (D. Kan. October 1, 2007) (citing Qwest Communs. Int'l Inc. v. Worldquest Networks, Inc., 213 F.R.D. 418, 419 (D. Colo. 2003) and Pod-Ners, LLC v. Northern Feed & Bean of Lucerne Ltd., 204 F.R.D. 675, 676 (D. Colo. 2002)); Warner Bros. Records, Inc. v. Does 1-4, No. 2:07-cv 0424 TC, 2007 U.S. Dist. LEXIS 48829, *3 (D. Utah July 3, 2007).

Here, good cause exists for allowing the Plaintiff to conduct expedited discovery. The Plaintiff has conducted an investigation and sought information to identify the Defendant. Mudd Decl. ¶¶ 3-4. These efforts did not produce any substantial evidence that identified the Defendant by name. Id. ¶ 4. Without a subpoena, it is unlikely that the Third Party Sources will produce documents identifying who accessed the respective accounts hosted by them. Mudd Decl. ¶¶ 5-6. Consequently, the Plaintiff will not be able to identify the Defendant absent the limited discovery sought. Id. ¶ 6. Without the Defendant's identity, the Plaintiff cannot have the Defendant served or engage in a Rule 26(f) conference. In fact, the Plaintiff will be unable to proceed with his case. Id. Thus, expedited discovery is necessary to identify the anonymous "Doe" Defendant and proceed with litigation. Id. This constitutes good cause for purposes of

Rule 26(d). See Tcyk, LLC v. Doe, 2013 U.S. Dist. LEXIS 145722 at *10-11; Maclin, 627 F.2d at 87; Sheridan v. Oak Street Mortgage, 244 F.R.D. 520, 522 (E.D. Wisc. 2007).

Additionally, the information that will tend to identify the Defendant most likely exists in electronic records that may be destroyed if not expeditiously obtained and preserved. Mudd Decl. ¶¶ 8-12. For, there exists a risk that the relevant electronic evidence in possession of third parties (e.g. the Third Party Sources, and the ISPs identified through discovery obtained from the Third Party Sources) may be altered, erased, or destroyed. Id. ¶¶ 8-9. As much of the evidence in this action will be electronic in nature, and third parties may at some point, if they have not already, purge electronic storage of data containing the relevant evidence, the expedited discovery sought by the Plaintiff is all the more necessary to accommodate the interests of justice by ensuring the preservation of the relevant electronic evidence that could identify the Defendant. Id. ¶¶ 8-12. This also constitutes good cause for purposes of Rule 26(d). See Bicycle Peddler, LLC, 2013 U.S. Dist. LEXIS 36936 at *2; Leone, 2012 U.S. Dist. LEXIS 47594 at *5; See Arista Records, 2008 U.S. Dist. LEXIS 2393 at *2-3; Warner Bros. Records, Inc., 2007 U.S. Dist. LEXIS 48829 at *3.

Finally, as to the scope of expedited discovery sought, the Plaintiff seeks discovery limited to that which is necessary to identify the Defendant. Mudd Decl. ¶ 12. Consequently, the Plaintiff seeks leave to issue subpoenas to third parties associated with the unsolicited emails received by the Plaintiff and the accounts opened (or attempted to be opened) in the Plaintiff's name seeking the Internet Protocol ("IP") addresses and other information associated therewith. The Plaintiff also seeks leave to issue subpoenas to any third parties identified (either by name or through IP addresses) as having relevant information about the individual(s) using the IP addresses associated with the unsolicited emails received by the Plaintiff and the accounts related

thereto (for example, a third party might reveal an IP address; the IP address may be licensed to a particular company; it would then be necessary to subpoena information from the company about the user of the IP address). Id. For each of the foregoing, the information sought will be limited to information that would tend to identify the Defendant including, but not limited to, the associated name, address, user logs, IP addresses, telephone numbers, and related information. Id. In sum, the Plaintiff seeks leave to issue discovery to those parties who might have identifying information about the Defendant for purposes of obtaining that *identifying information*. For, the sole purpose for this expedited discovery is to identify the Defendant. Thus, the requested expedited discovery is limited in scope. This factor too weighs in favor of allowing the Plaintiff to proceed with expedited discovery. See Ibarra v. City of Chicago, 816 F. Supp. 2d 541, 554 (N.D. Ill 2011).

Consequently, good cause exists to allow the Plaintiff to proceed with limited, expedited discovery through the issuance of subpoenas pursuant to Federal Rule of Civil Procedure 45 to any third parties that, based upon a good faith belief, may possess identifying information about the Defendant where the information sought through the subpoena is limited to information that would tend to identify the Defendant including, but not limited to, the associated name, address, user logs, IP addresses, telephone numbers, and related information. See *supra*. Therefore, this Court should grant the Plaintiff's Motion. Id.

**Preservation of Evidence**

To protect against the possibility of the Defendant destroying relevant evidence, this Court should order the third parties upon which the Plaintiff serves subpoenas to, in addition to complying with the subpoena, (a) preserve any and all responsive information sought by the subpoena until further order of this Court and (b) inform the Plaintiff that the responsive

information has been preserved. The third parties should thereafter provide notice to the Defendant about the subpoena. Thus, this methodology will provide fairness to all.

## CONCLUSION

WHEREFORE, Plaintiff Sai Koppaka respectfully requests that this Court grant his Motion for Leave to Conduct Limited, Expedited Discovery and For Preservation of Electronic Evidence and enter an order providing that:

(1) Plaintiff is allowed to proceed with limited, expedited discovery by issuing subpoenas pursuant to Federal Rule of Civil Procedure 45 to third parties likely to have information tending to identify the Defendant for purposes of seeking such information;

(2) Any party subpoenaed pursuant to this Order shall:

   a. comply with the subpoena;

   b. preserve any and all responsive evidence and information sought by the subpoena until further order of the Court; and,

   c. provide notice to the Plaintiff's counsel that the responsive evidence and information has been preserved;

(3) Any information disclosed to Plaintiff in response to the subpoenas issued pursuant to this Order and Rule 45 of the Federal Rules of Civil Procedure may be used by Plaintiff solely for the purpose of protecting Plaintiff's rights under the claims enumerated in the Complaint or any future Amended Complaint in this action; and,

(4) Any subpoena issued pursuant to this order shall be deemed an appropriate court order under 47 U.S.C. § 551.

Dated: Chicago, Illinois  PLAINTIFF,
September 12, 2013  SAI KOPPAKA

/s/Charles Lee Mudd Jr.
By: One of His Attorneys
Charles Lee Mudd Jr.
Mudd Law Offices
3114 West Irving Park Road
Suite 1W
Chicago, Illinois 60618
773.588.5410 Telephone
773.588.5440 Facsimile
Illinois ARDC: 6257957
cmudd@muddlawoffices.com